ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 APR 23 PM 3:33

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROSSANO A. MCKEIVER, | ) |
| Plaintiff, | ) |
| v. | ) CV 313-023 |
| JOSE MORALES, Warden, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Baldwin State Prison in Hardwick, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Although Plaintiff is currently incarcerated at Baldwin State Prison, his complaint concerns events that allegedly occurred at Johnson State Prison in Wrightsville, Georgia. (See doc. no. 1, pp. 4-5.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Jose Morales, the Warden at Johnson State Prison ("JSP"); (2) FNU Butts, a Deputy Warden at JSP; (3) FNU Clark, a Deputy Warden at JSP; (4) FNU Soles, a Lieutenant at JSP; (5) FNU Fortham, a Lieutenant at JSP; (6) FNU Dudley, a Lieutenant at JSP; (7) FNU O'Neal, a Lieutenant at JSP; (8) FNU Harris, a Lieutenant at JSP; (9) FNU Tucker, a Sergeant at JSP; (10) FNU Henderson, a Sergeant at JSP; (11) FNU Duncan, a Captain at JSP; and (12) FNU Byrum, a Lieutenant at JSP. (Doc. no. 1, pp. 1, 4.)

Plaintiff alleges that, on or about November 13, 2011, he was placed in Room 222 of the H-1 Building at JSP "with inmate Laron Walker," whom Plaintiff alleges is a "known registered gang member who made it clear that he ran the cell and bullied [Plaintiff] about." (Id. at 5.) Plaintiff vaguely alleges that he "personally notified" Defendants O'Neal, Harris, Fortham, Soles, Dudley, Butts, Clark, and Morales as to his circumstances, and that "five of [those] officials promised to relocate [him]" but failed to do so. (Id.) Plaintiff asserts that he then filed a grievance related to his concerns about his room assignment, which was denied. (Id. at 3, 5.) Plaintiff next alleges that, on November 24, 2011, he was attacked by inmate Walker, who allegedly used Plaintiff's walking cane to beat him and injure his legs. (Id. at 5.) Notably, Plaintiff does not report having ever filed any subsequent grievance related to the alleged November 24th attack.

## II. DISCUSSION

Plaintiff's claim should be dismissed because of his failure to exhaust his administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"),

Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).[3] Finally,

---

[3]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st

3

under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

The administrative grievance procedure applicable in this case is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on June 1, 2004. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. §§ VI(C)(2) & (D)(2). The SOP requires that an inmate be given a response to his informal grievance within ten calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. §§ VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal

---

Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

grievance is given to the counselor, the Warden/Superintendent has 30 calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has 90 calendar days after receipt of the grievance appeal to respond. Id. §§ VI(D)(2) & (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, it is apparent from Plaintiff's complaint that he did not exhaust his administrative remedies prior to the commencement this case, as is required under the PLRA. In fact, according to his complaint, the extent of Plaintiff's utilization of the prison grievance system was his filing of a grievance sometime between November 13, 2011, and November 24, 2011 concerning his room assignment, which he specifies was filed prior to sustaining the alleged injuries that are the subject of his claims.[4] (Doc. no. 1, pp. 4-5.) Thus, given the proffered chronology, it is clear that Plaintiff failed to even initiate grieving the issue of his having sustained injuries as a result of Defendants' alleged deliberate indifference to his safety, much less to use all steps of the available exhaustion procedure. Woodford, 598 U.S. at 93. Instead, Plaintiff simply filed a grievance related to his vague concerns about his room assignment – which he specifies was denied – allegedly sustained injuries at a later date, and subsequently failed to ever file a grievance connecting those injuries to any alleged actions of Defendants. In order to properly grieve the issue, Plaintiff should have filed an informal

---

[4]Notably, the window of time in which Plaintiff asserts he filed his grievance indicates that the grievance was filed prior to his having sustained the alleged injury that is the subject of his claims here. (Doc. no. 1, p. 5.)

grievance addressing the issue; if that informal grievance was denied, Plaintiff should have then followed the procedures established by SOP IIB05-0001 as discussed above and appealed the denial to each available administrative level. To all appearances, Plaintiff has failed to do so. Therefore, Plaintiff's complaint should be dismissed without prejudice.[5]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this ___ day of April, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court recognizes that the Supreme Court held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).